UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JONATHAN MUSIC,

                Petitioner,

      v.

                                                                                    **DECISION AND ORDER**
                                                                                        99-CR-149

UNITED STATES OF AMERICA,

                Respondent.

      1.      On October 31, 2003, Petitioner Jonathan Music filed a Motion pursuant to 29 U.S.C. § 2255 requesting that the Court vacate, set aside, or correct his sentence.[1] Petitioner alleges that his conviction was obtained and his sentence imposed in violation of his Constitutional right to receive effective assistance of counsel. Specifically, Petitioner alleges that he relied to his detriment on his attorney's misrepresentation regarding his sentencing exposure. (Pet.'s Mot. to Vacate, p. 9). Petitioner requests an evidentiary hearing, or in the alternative, Petitioner requests specific performance on the government's alleged promise to move for a downward departure to a six-year sentence. (Id. at 10.)

      2.      On January 6, 2000, Petitioner entered into a Plea Agreement, which resolved charges pending against him in more than one case. In one instance, he waived

---

[1] In support of his Motion under Section 2255, Petitioner filed the following papers: a Memorandum of Law, a Response in Opposition to Respondent's Motion for an Order Requiring Petitioner's Former Counsel to File an Affidavit, a Supplemental Affidavit, and a Response in Opposition to the Government's Answer. In opposition to this Motion, Respondent filed the following papers: a Motion for an Order Requiring Petitioner's Former Counsel, Mr. Mistrett to File an Affidavit, an accompanying Memorandum of Law, and Answer to Petitioner's Motion. Petitioner's former counsel filed an Affidavit under seal, which was reviewed *in camera* and was subsequently unsealed by this Court.

indictment and pled guilty to a one count Information charging a violation of 18 U.S.C. § 641 (theft and conversion of government property with a value in excess of $1,000).  He also plead guilty to Count I of the Indictment charging a violation of 21 U.S.C. § 846 (conspiracy to possess cocaine hydrochloride with intent to distribute and conspiracy to distribute cocaine hydrochloride).

3. According to 28 U.S.C. § 2255, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing."  After examining the Motion, files, and records of the case, this Court finds that the record conclusively shows that Petitioner is not entitled to relief.  Therefore, Petitioner's request for an evidentiary hearing is denied and the Motion for relief is dismissed.  Further, this Court denies Petitioner's request for specific performance on the government's alleged promise.

4. It is well-settled in the Second Circuit that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon sentencing guideline range is enforceable.  See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998).  However, the Second Circuit has carved out an exception to the enforceability of the appellate waiver, holding that the waiver does not apply when a defendant claims that he received ineffective assistance from his counsel in entering into the plea agreement.  See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.  The Second Circuit has directed that the "refusal to apply such a waiver provision in these circumstances only allows appellate

review of the constitutionality of the process by which the plea agreement was consummated. If the constitutionality of that process passes muster, the plea agreement waiver would bar any consideration by the appellate court of issues that fall within the scope of that waiver." Hernandez, 242 F.3d at 114.

When a defendant alleges that ineffective assistance of his attorney made the process of entering into the plea agreement unconstitutional, as Petitioner does here, he must show that the "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Moreover, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985) (applying the Strickland test in the context of guilty plea); see also United States v. Coffin, 76 F.3d 494, 498 (2d Cir. 1996).

5. Petitioner waived the right to appeal or collaterally attack his sentence in his plea agreement so long as it fell within or below the stipulated sentencing range. Neither Petitioner's original nor his amended sentence exceeded that stipulated range. Accordingly, when Petitioner attempted to appeal his sentence, the Court of Appeals for the Second Circuit dismissed his appeal on the basis that his appellate waiver was knowing and voluntary and therefore valid and enforceable. United States v. Amsden, Nos. 01-1016, 00-1819, 2002 WL 31422737, at *1 (2d Cir. Oct. 29, 2002).

6. On this Motion, Petitioner attempts to circumvent his waiver of appeal by challenging not his sentence but the effectiveness of his counsel's advice to enter into a

plea agreement. Specifically, Petitioner claims that he plead guilty to certain crimes that he did not commit because his attorney misrepresented his sentence exposure. (Pet.'s Mot. to Vacate, p. 9). Petitioner alleges that his attorney advised him to rely on an unwritten promise of Mr. Anthony Bruce, Assistant United States District Attorney, that the government would move for a downward departure and request a six-year sentence if Petitioner would cooperate in continuing government investigations. (Id. at 6). At Mr. Music's re-sentencing, on January 28, 2002, the government moved for a more modest downward departure and requested a sentence of nine years, which this Court granted.[2] (Docket Nos. 91-92.)

7.  Nonetheless, this Court finds that Petitioner has failed to demonstrate that his attorney rendered ineffective assistance. As an initial matter, there is nothing in the record that suggests that there was an agreement or deal between Petitioner and the government that was not set forth in the written plea agreement. At his plea colloquy, Petitioner swore under oath that there were no promises made to him that were not reduced to writing. (Tr. of Plea Colloquy of Jonathan Music, p. 35, W.D.N.Y. Jan. 6, 2000). Moreover, Petitioner swore that he was not relying upon any promises, other than those contained in the plea agreement, in connection with his colloquy. (Tr. of Plea Colloquy of Jonathan Music, p. 35, W.D.N.Y. Jan. 6, 2000).

Accordingly, the allegation that there existed an oral promise that the government would move for a downward departure to a six-year sentence is expressly contradicted by

---

[2] On September 21, 2000, Petitioner was originally sentenced to 188 months for the conspiracy count and 120 months for the conversion count, to run concurrently.

the terms of Petitioner's plea agreement, which is a valid and enforceable agreement. See Morrill v. United States, Nos. 02-CV-785, 97-CR-56, 2003 WL 21730690, at *4 (W.D.N.Y. June 26, 2003) ("[T]he bare allegation of an unfulfilled oral promise by the government to make a section 5k1.1 motion is facially contradicted by the express terms of the plea agreement.").

For the foregoing reasons, this Court finds that the Motion, files, and records of the case conclusively show that Petitioner did not receive ineffective assistance of counsel in entering into his plea agreement. As such, Petitioner is not entitled to any relief with respect to his sentence. Therefore, his hearing requests for a hearing and for a copy of transcripts are denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 120) is DENIED in its entirety.

Dated:  April 28, 2005
        Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge