-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JONATHAN MUSIC,

        Petitioner,

        -v-                                    **DECISION and ORDER**
                                              03-CV-808S
                                              99-CR-149S

UNITED STATES OF AMERICA,

        Respondent.

        On April 28, 2005, this Court denied Petitioner's motion, made pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Docket No. 147). On June 25, 2005, Petitioner filed a notice of appeal from this Court's April 28, 2005 Decision and Order. (Docket No. 148). Petitioner now applies, pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, for a Certificate of Appealability ("COA"). In the interest of confidentiality, this Court has permitted Petitioner to file his application under seal. However, this Court declines to issue a COA for the following reasons.

        To appeal the denial of a request for relief under § 2255, a petitioner must obtain a COA from the district judge who rendered the judgment denying relief or from a circuit judge. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). An application for a COA is initially addressed to the district court:

> Once the applicant files a notice of appeal, the district judge who rendered the judgment that the applicant wishes to appeal must issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b)(1). [The] Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v.

> McDaniel, 529 U.S. 473, 483-84, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). Petitioner may make such a substantial showing by demonstrating "(1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further." Wright v. United States, 2002 U.S. Dist. LEXIS 26122, No. 01 Civ. 443, No. 97 Cr. 228, 2002 WL 32086478 at *1 (D. Conn. Nov. 1, 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 77 L. Ed. 2d 1090, 103 S. Ct. 3383 (1983)); see also Slack, 529 U.S. at 484.

Muyet v. United States, 01 Civ. 9371, 95 Cr. 941, 2004 U.S. Dist. LEXIS 15029, at *38-39 (S.D.N.Y. 2004).[1]  If the district court denies a COA, a petitioner may then, under Federal Rule of Appellate Procedure 22(a), direct a request for such a certificate to the court of appeals.  Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997).

This Court has considered the allegations and arguments set forth in Petitioner's application papers.  The Court finds, however, that Petitioner has not made a substantial showing of the denial of a constitutional right and accordingly, declines to issue a COA.

IT IS HEREBY ORDERED, that Petitioner's application for a Certificate of Appealability (Docket No. 153) is DENIED.

SO ORDERED.

Dated:   August 28, 2005
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[1]    It should be noted, however, that the district court need not await a petitioner's filing of a notice of appeal, or an application for a COA before addressing his entitlement to a COA; rather, the court may deny a COA *sua sponte.* See Muyet v. United States, 01 Civ. 9371, 95 Cr 941, 2005 U.S. Dist. LEXIS 2733, at *3, (S.D.N.Y. 2005).

2